IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' ANNUITY FUND, CENTRAL LABORERS' WELFARE FUND, ILLINOIS LABORERS' AND CONTRACTORS' JOINT APPRENTICESHIP & TRAINING PROGRAM, NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, NORTH CENTRAL ILLINOIS LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST, CENTRAL ILLINOIS LABORERS'-EMPLOYERS' COOPERATIVE EDUCATION TRUST, NORTHERN ILLINOIS WELFARE FUND, NORTHERN ILLINOIS ANNUITY FUND, MIDWEST REGION FOR FAIR CONTRACTING, ILLINOIS LEGISLATIVE LEAGUE, NORTH CENTRAL MARKET PRESERVATION FUND, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, LEGAL SERVICES FUND, LABORERS' OF ILLINOIS VACATION FUND, ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS INDUSTRY ADVANCEMENT FUND, SOUTHERN AND CENTRAL LABORERS' DISTRICT COUNCIL, LABORERS' LOCAL 362, LABORERS' LOCAL 393, LABORERS' LOCAL 477, and LABORERS' LOCAL 703, | |
| Plaintiffs, | |
| v. | Case No. |
| TABITHA VENTURES, INC. | |
| Defendant. | |

**COMPLAINT**

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through their attorneys, Cavanagh & O'Hara LLP, complaining of the Defendant, TABITHA VENTURES, INC., and allege as follows:

1

1. This action is brought and maintained in accordance with the provisions of the Labor Management Relations Act, as amended, 29 U.S.C. 185(a), and the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001 *et seq.*, as amended, in particular 29 U.S.C. §1145 (Section 515 of ERISA), and is a civil action to recover employer contributions and other amounts owed to Plaintiffs.

2. Federal District Courts have exclusive jurisdiction under ERISA over civil actions like the present action. (See, 29 U.S.C. §1132).

3. Plaintiff, Central Laborers' Pension Fund, is an employee benefit plan administered pursuant to the terms and provisions of a trust agreement creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947, and ERISA (as amended), 29 U.S.C. §1001 *et seq.* Plaintiff, Central Laborers' Pension Fund, is administered in Jacksonville, Illinois.

4. Plaintiff, Central Laborers' Pension Fund, receives contributions from numerous employers, and therefore, is a multiemployer plan. (See, 29 U.S.C. §1002).

5. The Central Laborers' Pension Fund is the collection agents for the other named Plaintiffs, which are employee benefit funds, labor organizations, labor-management committees/funds established pursuant to collective bargaining agreements between the Laborers' International Union of North America ("Union") and certain employer associations whose employees are covered by collective bargaining agreements with the Union.

6. That Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. 1002 (5), (11), (12), and (14).

7. Defendant's place of business and address is in East Peoria, Illinois.

8. Defendant signed a Memorandum of Agreement on May 5, 2005. A copy of the Memorandum of Agreement is attached hereto and incorporated herein as **Exhibit A**.

9. The Memorandum of Agreement bound Defendant to multiple collective bargaining agreements within the jurisdiction of the Great Plains Laborers' District Council during the period of May 5, 2005 through current.

10. Defendant never terminated the Memorandum of Agreement.

11. Defendant signed a Participation Agreement on May 5, 2005, which also obligates Defendant to remit contributions and other amounts to Plaintiffs. A copy of the Participation Agreement is attached hereto and incorporated herein as **Exhibit B**.

12. Defendant is currently bound to the Participation Agreement.

13. Defendant never terminated the Participation Agreement.

14. Defendant signed the Articles of Agreement Covering Building Construction with Laborers' Local 159, Laborers' Local 477, Laborers' Local 703 of the Southern & Central Illinois Laborers' District Council and Central Illinois Builders of AGC on June 6, 2011. A copy of the signed collective bargaining agreement is attached hereto and incorporated herein as **Exhibit C**.

15. Defendant is and was currently bound to Exhibit C.

16. Defendant never terminated Exhibit C.

17. Defendant is also bound to the successor Articles of Agreements Covering Building Construction with Laborers' Local 159, Laborers' Local 477, Laborers' Local 703 of the Southern & Central Illinois Laborers' District Council and Central Illinois Builders of AGC. A copy of the successor collective bargaining agreements are attached hereto and incorporated herein as **Exhibits D** and **E**.

18.     Defendant never terminated Exhibits D and E.

19.     Pursuant to ERISA, 29 U.S.C. §1145, Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Memorandum of Agreement, the Participation Agreements and Plaintiffs' trust documents. Plaintiffs' trust documents, in pertinent part, are attached hereto and incorporated herein as **Exhibits F, G, H,** and **I**.

20.     Defendant employed individual who are participants in Plaintiffs' employee benefit funds, pursuant to the Memorandum of Agreement, the Participation Agreement, and the Articles of Agreements (hereinafter collectively referred to as "Agreements").

21.     Defendant employed individuals who performed work within the geographical jurisdiction of Plaintiffs, and said individuals performed hours of covered work for which contributions and other amounts are owed to Plaintiffs.

22.     Defendant failed to properly and timely pay contributions and other amounts for all hours of covered work performed by Defendant's employees.

23.     Defendant breached the Agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs. (See, Exhibits A – E).

24.     Defendant violated Plaintiffs' trust agreements by failing to properly and timely remit fringe benefit contributions and other amounts to Plaintiffs. (See, Exhibits F – I).

25.     Pursuant to the Agreement and Plaintiffs' trust agreements, Plaintiffs are authorized and empowered to examine the payroll books and records of Defendant to determine whether the employer remitted the required payments.

26.     Plaintiffs conducted a fringe benefit/payroll compliance audit of Defendant covering the period of June 1, 2012 through March 31, 2017, which identified certain and determinable amounts owed by Defendant. The audit report is attached hereto as **Exhibit J.**

27.  Based upon the audit report, Plaintiffs have determined that Defendant owes Plaintiffs contributions, check-offs, liquidated damages, and audit costs in the amount of $38,870.07.

28.  In addition to the liability identified in the audit report, Defendant failed to remit additional contributions and other amounts for the months of March 2008 and September 2017.

29.  Pursuant to the Participation Agreements, Plaintiffs' trust agreements, and 29 U.S.C. §1145, Defendant owes liquidated damages in the amount of 10% of delinquent contributions. (See, Exhibits B, C, D, E, & F).

30.  A breakdown showing the total known amount owed, less amounts received, is attached hereto and incorporated herein as **Exhibit K**.

31.  Pursuant to the terms of the Participation Agreement and Plaintiffs' trust agreements, Defendant is liable for reasonable attorneys' fees, court costs, and all other reasonable expenses, such as audit costs, incurred by Plaintiffs in the collection of the amounts owed.

32.  Pursuant to §1132(g)(2) of ERISA, if judgment is entered in favor of the Plaintiffs in this matter, the Court shall award Plaintiffs certain relief, including interest, liquidated damages or double interest, and attorneys' fees.  More specifically, §1132(g)(2) of ERISA provides as follows:

> (g)  Attorney's fees and costs; awards in actions involving delinquent contributions
> 
> \*          \*          \*
> 
> **(2)**  In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan –
> 
> **(A)**  the unpaid contributions,

      **(B)**    interest on the unpaid contributions,

      **(C)**    an amount equal to the greater of –

           **(i)**    interest on the unpaid contributions, or

           **(ii)**    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

      **(D)**    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      **(E)**    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26. (*See*, §1132(g)(2) of ERISA).

WHEREFORE, Plaintiffs pray as follows:

A.    That judgment be entered in favor of the Plaintiffs and against Defendant for all such monies found to be due—including delinquent contributions, check-offs, liquidated damages, interest, audit costs, attorney fees, court costs, and all applicable statutory remedies pursuant to 29 U.S.C. §1132(g)(2) for the period of March 1, 2008 through September 31, 2017—at the time Judgment is rendered;

B.    Specifically, that Defendant is decreed to pay to Plaintiffs $45,538.35 in fringe benefit contributions, check-offs, liquidated damages, and audit costs, plus any other amounts found to be owing at the time judgment is entered;

6

C.  That Defendant be decreed to pay Plaintiffs their reasonable attorney fees and costs as provided by ERISA, 29 U.S.C. §1132(g)(2), the Participation Agreements, and Plaintiffs' trust agreements;

D.  That Defendant be decreed to pay all costs attendant to these proceedings; and

E.  That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's costs.

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,

By:     s/ Timothy J. Shrake II
TIMOTHY J. SHRAKE II
**CAVANAGH & O'HARA LLP**
2319 W. Jefferson Street
Springfield, IL 62702
Telephone: (217) 544-1771
Fax: (217) 544-9894
timshrake@cavanagh-ohara.com